Dmot

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAN

| | |
|---|---|
| VANESSA BAILEY<br>7934 Royal Mint Place<br>Pasadena, MD 21122<br><br>　　　Plaintiff<br>v.<br><br>THE FIRST AMERICAN CORPORATION<br>4 First American Way<br>Santa Ana, CA 92707<br><br>And<br><br>ATI TITLE COMPANY, LLC<br>5700 Smetana Drive, Suite 400<br>Minnetonka, MN 55343<br>Serve: The Corporation Trust, Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>And<br><br>RELS TITLE SERVICES, LLC<br>2 Wisconsin Circle, Suite 700<br>Offices 47 and 48<br>Chevy Chase, MD 20815<br><br>And<br><br>CARY MOORE<br>My Mollies Pride<br>Bowie, MD<br><br>And<br><br>JOHN SINGLETON<br>400 Redland Court, Suite 107<br>Owings Mills, MD 21117<br><br>And<br><br>Singleton, Gendler & Terrasa | Civil Action No. CAL10-15374 |




400 Redland Court, Suite 107           *
Owings Mills, Maryland 21117           *
                                        *
    Defendants                    *

# COUNT I
## Title VII– Sex Discrimination

1. Plaintiff Vanessa R. Bailey is a resident of Anne Arundel County, Maryland, who was employed by Rels Title Services, LLC, a company owned by ATI Title Company, LLC ("ATI"), headquartered in Minnetonka, Minnesota and/or owned by The First American Corporation ("First American"), headquartered in Santa Ana, California.

2. Defendant Rels Title Services, LLC ("Rels") is a business operating out of Chevy Chase, Maryland, which, at all relevant times, was doing business in Bowie, Prince George's County, Maryland.

3. Defendant Cary Moore is a resident of Prince George's County, Maryland, who, at all relevant times, was the supervisor of the Plaintiff, and the agent/servant/employee of Rels.

4. Defendant John Singleton is an attorney engaged in the practice of law in the State of Maryland.

5. At all relevant times, John Singleton was the agent/servant/employee and/or a partner of the law firm of Singleton, Gendler and Terrasa, a firm located in Anne Arundel County, Maryland.

6. In April, 2008, Plaintiff Bailey became employed by Rels, working as a marketer.

7. Plaintiff Bailey's supervisor was Cary Moore, who, throughout her term of employment, engaged in sexual harassment of Plaintiff.

8. Such harassment consisted of unwelcome sexual comments and conduct, including but not limited to inappropriate touching of her breast and buttocks and, on more than one occasion, putting a pencil down the neckline of her clothing to pull it away from her body and attempting to peer down her clothing.

9. In addition, Defendant Moore constantly implied that the benefits and privileges of employment were dependent on whether or not Plaintiff complied with his sexual demands, thus engaging in quid pro quo sex discrimination.

10. Plaintiff voiced her objections to Defendant Moore's comments and conduct, and eventually contacted the human resources offices of Defendant Rels to seek protection from Moore.

11. As a result of the offensive conduct and comments of Moore, Plaintiff's work was affected, and she suffered upset, distress, fear and humiliation.

12. Defendant Rels failed to take any effective action to protect Plaintiff from the unwelcome conduct of Defendant Moore, and instead, exacerbated the effect of his conduct, by requiring her to meet with him regularly, and by allowing him to continue to make upsetting and suggestive comments to her.

13. The acts of Moore, and the failure of Rels to protect Plaintiff Bailey were done in reckless disregard of her civil rights.

14. Plaintiff filed a timely administrative charge of discrimination and was provided with a right-to-sue letter. Accordingly, within the timelines provided by that letter, Plaintiff files this instant Complaint.

15. As a result of the egregious conduct and comments of Moore, and of the failure of Rels to provide effective relief from his offensive treatment of Plaintiff, Plaintiff suffered upset, distress, fear, and humiliation. She was forced to seek medical treatment, and lost time from work, incurring medical costs and loss of wages.

WHEREFORE, under this Count of the Complaint, Plaintiff demands judgment against Defendants Rels, ATI and First American, for compensatory damages in the amount of One Million Dollars ($1,000,000.00), and demands punitive damages against Defendants Rels, ATI and First American, in the amount of One Million Dollars ($1,000,000.00) each.

### COUNT II
### Title VII – Retaliation

16. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

17. As a result of the offensive and objectionable conduct of Defendant Moore, Plaintiff Bailey complained to the human resources office of her employer, Rels.

18. Instead of taking steps to protect her from Defendant Moore, Rels required her to meet with Moore regularly, and to be supervised by Moore's longtime friend, Veronica Arend.

19. Ms. Arend constantly rebuked Plaintiff for complaining about Moore, and complained that Plaintiff had jeopardized Arend's job by complaining about Moore.

20. Further, Moore continued to walk into Plaintiff's office when she was alone in the workplace, continued to physically intimidate her, and continued to treat her in an embarrassing and humiliating manner in retaliation for her complaint.

21. As a result of Moore's continuing conduct, and as a result of Rels' allowing Moore to treat Plaintiff in such a manner, Plaintiff was constructively discharged and/or discharged from her employment, and was caused to suffer upset, distress, and loss of wages.

WHEREFORE, under this Count of the Complaint, Plaintiff demands judgment against Defendants Rels, ATI, and First American, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, plus One Million Dollars ($1,000,000.00) in punitive damages from each.

### COUNT III
### Battery

22. Plaintiff incorporates by reference all of the preceding paragraphs of her Complaint as if fully restated herein.

23. Throughout her course of employment at Rels, Plaintiff Bailey was subjected unwelcome and offensive sexual battery by Defendant Moore.

24. Such touching consisted of groping her buttocks and breast, and of pulling her clothing away from her body to peer down her shirt/blouse/neckline.

25. Such conduct was offensive and unwelcome, but continued despite Plaintiff's objections and protests.

26. As a result of the battery, Plaintiff was caused upset, mental distress, embarrassment and humiliation, and was forced to seek treatment. As a further result, she lost time from work and incurred the costs of treatment.

WHEREFORE, under this Count of the Complaint, Plaintiff demands judgment against Defendant Moore in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and in the amount One Million Dollars ($1,000,000.00) in punitive damages.

## COUNT IV
### Intentional Infliction of Emotional Distress

27. Plaintiff incorporates by reference all of the preceding paragraphs of her Complaint as if fully restated herein.

28. Because of the aforementioned conduct and comments of Defendant Moore, Plaintiff was subjected to extreme and outrageous acts against her.

29. As a result, she consulted with attorney John Singleton to assist with her sex discrimination charges, and retained him and his law firm to represent her.

30. Attorney Singleton was at all relevant times, a partner in the partnership of Singleton, Gendler, & Terrasa.

31. As a result of representing Plaintiff, Defendant Singleton was aware of the upset and distress caused to Plaintiff in her employment, and was aware of the fragile state of Plaintiff, and that she had sought medical treatment for the symptoms of her distress.

32. Nonetheless, Defendant Singleton breached his confidential relationship with Plaintiff, and made inappropriate sexual comments to Plaintiff, and impliedly invited her to engage in a sexual relationship with him, thus causing her additional distress and upset.

33. Said distress was intentional and done with malice and with disregard for the state of the Plaintiff's emotional well-being.

34. As a result, Plaintiff suffered humiliation, upset, distress, and anguish, and was caused to seek additional medical treatment.

WHEREFORE, under this Count of the Complaint, Plaintiff demands judgment against Defendants Rels, Singleton, and Singleton, Gendler & Terrasa jointly and severally in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and in the amount of One Million Dollars ($1,000.000.00) in punitive damages.

_____
Mary Ann Ryan
319 Main Street, 3rd Floor
Laurel, MD 20707
301-725-3800
Attorney for Vanessa Bailey

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts of her Complaint.

*Mary Ann Ryan*
Mary Ann Ryan
319 Main Street, 3rd Floor
Laurel, MD  20707
301-725-3800
Attorney for Vanessa Bailey