IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **Vanessa Bailey,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**The First American Corporation, ATI Title Company, LLC, Rels Title Services, LLC, Cary Moore, John Singleton, Singleton, Gendler & Terrasa**<br><br>    **Defendants.** | **Civil Action No. 8:10-cv-02275-RWT**<br><br>**Honorable Roger W. Titus** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ATI TITLE COMPANY

Defendant ATI Title Company, LLC ("ATI" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Vanessa Bailey's ("Plaintiff") Complaint according to the paragraphs thereof as follows:

### COUNT I
### Title VII – Sex Discrimination

1.  Defendant is without sufficient information to admit or deny whether Plaintiff is currently a resident of Anne Arundel County, Maryland, and therefore denies the allegation. Further answering, Defendant states that Plaintiff is a former employee of ATI Title Services Company, LLC doing business as Rels Title Services ("Rels"). ATI is a wholly-owned subsidiary of Rels Title Services, Inc. Defendant further states that ATI is headquartered in Minnetonka, Minnesota.

2.  ATI admits the allegations in Paragraph 2 of the Complaint.

3.  ATI admits that Defendant Cary Moore ("Defendant Moore") is a resident of Prince George's County, Maryland and that during Plaintiff's employment with Rels, Mr. Moore

supervised Plaintiff. ATI denies the remaining allegations in Paragraph 3 of the Complaint.

4. ATI is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint, and therefore denies the allegations.

5. ATI is without knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint, and therefore denies the allegations.

6. ATI admits that Plaintiff was hired by Rels in April 2008, and avers that Plaintiff was hired as a Settlement Officer/Processor.

7. ATI admits that Mr. Moore supervised Plaintiff. ATI denies the remaining allegations in Paragraph 7 of the Complaint.

8. ATI denies the allegations in Paragraph 8 of the Complaint.

9. ATI denies the allegations in Paragraph 9 of the Complaint.

10. ATI admits that Plaintiff contacted the human resources offices of Rels regarding allegations concerning against Mr. Moore. ATI denies the remaining allegations in Paragraph 10 of the Complaint.

11. ATI denies the allegations in Paragraph 11 of the Complaint.

12. ATI denies the allegations in Paragraph 12 of the Complaint.

13. ATI denies the allegations in Paragraph 13 of the Complaint.

14. ATI admits that Plaintiff filed a charge of discrimination. The remaining allegations in Paragraph 14 are legal conclusions to which no response is required.

15. ATI denies the allegations in Paragraph 15 of the Complaint.

ATI denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following Paragraph 15 of the Complaint.

DB1/65499439.2

## COUNT II
## Title VII – Retaliation

16. ATI incorporates by reference its response to Paragraphs 1 through 15 as if fully set forth herein.

17. ATI admits that Plaintiff contacted the human resources offices of Rels regarding allegations against Mr. Moore. ATI denies the remaining allegations in Paragraph 17 of the Complaint.

18. ATI denies the allegations in Paragraph 18 of the Complaint.

19. ATI denies the allegations in Paragraph 19 of the Complaint.

20. ATI denies the allegations in Paragraph 20 of the Complaint.

21. ATI denies the allegations in Paragraph 21 of the Complaint.

ATI denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following Paragraph 21 of the Complaint.

## COUNT III
## Battery

22. ATI incorporates by reference its response to Paragraphs 1 through 21 as if fully set forth herein.

23. Count III is asserted against a defendant other than ATI. As such, ATI is not required to respond to Paragraph 23 of the Complaint.

24. Count III is asserted against a defendant other than ATI. As such, ATI is not required to respond to Paragraph 24 of the Complaint.

25. Count III is asserted against a defendant other than ATI. As such, ATI is not required to respond to Paragraph 25 of the Complaint.

26. Count III is asserted against a defendant other than ATI. As such, ATI is not required to respond to Paragraph 26 of the Complaint.

Count III is asserted against a defendant other than ATI. As such, ATI is not required to respond to the unnumbered paragraph following Paragraph 26 of the Complaint.

## COUNT IV
### Intentional Infliction of Emotional Distress

27. ATI incorporates by reference herein its response to paragraphs 1 through 26, inclusive of the Complaint.

28. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 28 of the Complaint.

29. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 29 of the Complaint.

30. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 30 of the Complaint.

31. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 31 of the Complaint.

32. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 32 of the Complaint.

33. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 33 of the Complaint.

34. Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to Paragraph 34 of the Complaint.

Count IV is asserted against defendants other than ATI. As such, ATI is not required to respond to the unnumbered paragraph following Paragraph 34 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff failed to comply with statutory and/or jurisdictional prerequisites for the institution of an action under the statutes she relies upon in her Complaint, her claims are barred and/or diminished.

2. Plaintiff's claims under Title VII are barred to the extent that the Complaint alleges conduct that was not previously alleged in a timely administrative charge filed with the EEOC, or that otherwise exceeds the scope of the charge of discrimination filed with the EEOC.

3. Plaintiff's claims under Title VII are barred to the extent that the Complaint is based on conduct occurring more than 300 days prior to the proper filing of a charge of discrimination with the EEOC raising such claim or claims.

4. ATI denies that sex, retaliation, or any other impermissible factor played any role in the employment decisions related to Plaintiff. Alternatively, even if some impermissible motive had been a factor in any of those decisions, the same decisions would have been reached for legitimate, nondiscriminatory reasons.

5. Plaintiff's claims of retaliation should be dismissed because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than the Plaintiff's sex and/or her alleged protected activity.

6. At all times relevant to this action, ATI has had in place a clear and well disseminated policy against harassment, discrimination, or other inappropriate conduct, on the basis of sex, gender, or other protected classifications, and a reasonable and available procedure for handling complaints, which provides for prompt and effective responsive action.

7. If any improper, illegal, or discriminatory acts were taken by an employee of ATI

against Plaintiff, it was outside the course and scope of that employee's employment, or an independent, intervening and or unforeseeable act, contrary to ATI's policies, and was not ratified, confirmed, or approved by ATI. Thus any such actions cannot be attributed or imputed to ATI.

8. ATI has made a good faith effort to comply with anti-discrimination laws and ATI has not engaged in any alleged conduct with malice or reckless indifference to the protected rights of Plaintiff, thus Plaintiff is not entitled to punitive damages.

9. Damages sought by Plaintiff are barred or diminished to the extent she failed to mitigate their damages.

10. The damages sought by Plaintiff exceed those allowed under Title VII.

11. ATI Reserves the right to assert additional defenses or affirmative defenses as established by the facets of the case.

Dated:  August 26, 2010                                     Respectfully Submitted,

/s/ *Karen E. Gray*
Karen E. Gray (Bar No. 15339)
kgray@morganlewis.com
Chaka A. Keiller (Bar No. 17748)
ckeiller@morganlewis.com
Morgan, Lewis and Bockius, LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004
Telephone: 202-739-3000
Facsimile: 202-739-3001
*Attorneys for Defendant ATI Title Company, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this the 26th day of August, 2010, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant ATI, Title Company LLC were served via the Court's electronic filing system and first class mail, postage pre-paid:

> Mary Ann Ryan
> 319 Main Street; 3rd Floor
> Laurel, MD 20707
> Phone: 301-725-3800
> *Attorney for Plaintiff*
>
> Defendant John Singleton
> Singleton, Gendler and Terassa
> 400 Redland Court
> Suite 107
> Owings Mill, MD 21117
>
> Defendant Singleton, Gendler and Terassa
> 400 Redland Court
> Suite 107
> Owings Mill, MD 21117

 */s/ Chaka A. Keiller*
 Chaka A. Keiller

DB1/65499439.2